GAVINO VÁZQUEZ-COLÓN, Appellant, v. REGISTRAR OF GUAYAMA, Respondent.

No. 667. Submitted January 29, 1927.—Decided March 31, 1927.

*C. Domínguez Rubio* for the petitioner.   The registrar appeared by brief.

MR. JUSTICE WOLF delivered the opinion of the court.

In this case is involved a deed wherein the appellant appeared as the purchaser of a piece of land of 11 acres which he attempted to consolidate with another piece of land of 17.28 acres, and further, to obtain a converted dominion title of the 17.28 acres already owned by him.   The refusal of the registrar to permit the consolidation was based on section 61 of the Rules of the Mortgage Law and on the opinion of this court in *Durán* v. *Registrar,* 20 P.R.R. 138. That case decided that where a consolidation is proposed the property should belong to a single owner or to several owners *pro indiviso,* that is, that each of the different persons who wish to consolidate the different properties should have a joint ownership in each of the properties to be consolidated.

Here the lot of 11 acres acquired by the deed before us in confessedly matrimonial and the other of 17.28 acres of mixed character, being partly matrimonial and partly separate property.   The appellant seeks to distinguish the *Durán Case* and other cases on the ground that in one or more of them the lots were owned by persons altogether distinct, for' example, that one lot was totally matrimonial and the other entirely separate property of one of the spouses.   He also draws attention to the fact that the 17.28 acres is in most part matrimonial.

It takes no great effort to imagine that where a piece of property is held in part as separate property and in part as belonging to the conjugal partnership, the heirs of one or other of the parties, if not of each of them, might make claims at variance with a single united ownership.   The fact even that the husband as the owner of the separate property would be willing to have the whole property considered matrimonial

could make no difference. The registry must import certainty, and we decided a similar question in *Olivencia* v. *Registrar, ante,* page 134. The idea of section 61 of the Mortgage Rules is that for consolidation the holdings must be entirely homogeneous.

The appellant also complains of the refusal of the registrar to record as converted into a dominion title the 17.28 acres. It turns out that the 17.28 acres were held heterogeneously not only with regard to their ownership, but also as to the state of the title. Some of it was already held as a dominion title and some of it by possessory title. The 17.28 acres were in fact carved out of a larger piece, similarly held, but the appellant has failed to show the registrar what part of the 17.28 acres so carved out is now held by a possessory title and what is held by a dominion title. The origin and ownership of the part already held by a dominion title might be entirely distinct from the origin and ownership of the possessory parcels of land which the appellant now desires to convert into a dominion title. Persons who supposedly would wish to claim against the possessory title now sought to be converted into a dominion title could never identify their particular land.

The note of the registrar should be affirmed.